Advisory opinion of
Ford, J.
The plaintiff sued a writ of attachment against the defendant, in the Circuit Court of the county of Essex, upon an affidavit, “ that Martin Bennett, the defendant, is not, to the knowledge or belief of the deponent, resident at this time in the state of New Jersey; and that the sajd Martin Bennett, is justly and tr uly indebted to the deponent, in the sum of one thousand four hundred and ninety-one dollars and thirty-two cents, according to the best of the deponent’s knowledge and beliefand the court is moved to quash the writ, because after swearing to the debt, the *288 affidavit omits to state the cause of action on which the debt * arose. Whether the words of the statute, Rev. Laws, 355, or any judicial construction thereon, require the cause of action to be stated in the affidavit, is the point to be considered.
1. The words of the statute require the applicant for the writ, to make oath or affirmation to no other facts than that the defendant “is not; to his (the applicant’s) knowledge or belief, resident at that time, in this state; and that he owes to the plaintiff a certain sum of money, specifying as nearly as he can, the amount of the debt or balance; ” it is very plain therefore, that the words of the statute do not require the cause of action to be stated in the applicant’s affidavit for the writ. It differs very widely in this respect, from the statute, Rev. Laws, 404, requiring an affidavit for holding to bail, on a capias, to state the cause of action ; and if the Legislature had intended the same thing in both cases, it seems very difficult to account for the requirement in one statute and not in the other.
2. I apprehend that no adjudication of the Supreme Court has directly decided it to be the intent and meaning of the statute, that the affidavit shall set out the cause of action. What was said by the court in Jeffery v. Wooley, 5 Halst. 123, appears to me to be said on another point. The affidavit was for three hundred. dollars, “ damages sustained by breach of covenant,” not stating that it was a debt, or that the defendant was indebted. Damages are no debt till they are liquidated; and on an attachment in covenant for damages, all that the court meant was, that they are no debt unless they appear by the affidavit to be liquidated; for the court would never presume damages to mean liquidated damages. The writ was quashed because the affidavit did not allege a debt, as the statute requires. But I apprehend this is far from requiring the cause of action to be stated in the affidavit.
The result of the adjudicated cases seems to be. 1. That the writ of attachment lies only for a debt; not for a tort, or for unliquidated damages. 2. That it be a debt for which special bail might be required on a capias. 3.That the defendant be actually an absconding or non-resident debtor. 4. If sued for a partnership debt, no other partner of the firm must be resident in the State. 5. That the court will, upon motion, inquire into the *289 propriety of this writ being sued out, after it has been returned, 6. And if it appear, either on the face of the affidavit, as in Peacock v. Wildes, 3 Halst. 179, or by extraneous evidence, as in Branson v. Shinn, 1 Green’s Rep. 250, to be a debt for which special bail cannot be required : or that the debtor did not abscond, or was not resident out of the state, as the plaintiff supposes in his affidavit, the court, in either case, will renounce its jurisdiction to proceed by this writ, and order it to be quashed.
The statute requiring bail in civil actions, prescribes an affidavit, containing every thing requisite for the arrest of the debtor; and the facts are to be taken as sworn to, without inquiring any further into the right; but the statute authorizing an attachment, prescribes in the body of it, certain requisites, which it does not require to be inserted in the affidavit: and the court cannot know, that it has jurisdiction by attachment in any case, without allowing a full inquiry into the requisites : and this inquiry can be instituted on motion, even after the writ, which is allowed only by the clerk, has been executed and returned. If the statute had prescribed a plenary affidavit, such inquiry would' have been needless and therefore improper. The established1 practice which allows such inquiry, is a substitute for the plenary affidavit. If we require the latter, we must abolish the former; for to retain both would be useless and oppressive. But if we had power to alter the statute and make it require a plenary affidavit, it might not subserve the purpose of justice any better, or be as beneficial as the present practice, to the parties; for it allows to them both, full latitude, to show, on one hand, that the-attachment is not, and on the other hand, that it is, warranted by the statute.
In this case, the form of affidavit is the same that has-been in use under the statute ever since its existence, without objection by parties, or disapproval of the court, so far as I know. In Jeffrey v. Wooley, the form varied from that in use, in not slating the plaintiff to be a creditor, or the‘defendant a debtor or indebted; the plaintiff used the equivocal word, “ damages,” and wished the court to presume, that it meant liquidated damages : but the court refused to do so, and said if he meant liquidated, he should have said so in his affidavit. The court did not say, lior do I apprehend they meant to say, nor were they understood to *290 mean, that the cause of action must'be set out in the affidavit; otherwise the practice not to set it out, during the twelve years since that decision, could not have continued to the present time. I believe the practice by motion furnishes an adequate remedy for every evil; but if we disallow the common affidavit, it may overthrow a multitude of cases otherwise correct, and produce inconvenient consequences. I have doubts also of our judicial power to require, in the original affidavit, more than the Legislature has required ; if we may require more, we may also require less. I therefore consider the affidavit in the case, sufficient prima facie. If a reasonable doubt be established, whether the debt has yet become due and payable, or whether it be of a bailable nature, the plaintiff may be required to show all facts necessary to invest the court with a special jurisdiction to proceed by attachment.
Court advised to refuse the motion.
Cited in Shadduck v. Marsh, 1 Zab. 435.
NOTE.
On the 3d day of November, A. D. 1841; the Honorable Iba C. Whitehead was appointed an Associate Justice of this Court, and took his seat on the Bench, on the 9th, vice the Honorable Gabbiel H. Foed whose term of office had expired.